## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------------------------x

BRYCE MARTINEZ,

|  |  |  |
|---|---|---|
| *Plaintiff*, | : | Civil Action No. 25-377 |
|  | : |  |
| v. | : |  |
|  | : |  |
| KRAFT HEINZ COMPANY, INC., | : | **NOTICE OF REMOVAL** |
| One PPG Place, | : |  |
| Pittsburgh, Pennsylvania 15222 | : |  |
|  | : |  |
| *and* | : |  |
|  | : |  |
| MONDELEZ INTERNATIONAL, INC., | : |  |
| 906 West Fulton Market, Suite 200, | : |  |
| Chicago, Illinois 60607 | : |  |
|  | : |  |
| *and* | : |  |
|  | : |  |
| POST HOLDINGS, INC., | : |  |
| 2503 S. Hanley Road, | : |  |
| St. Louis, Missouri 63144 | : |  |
|  | : |  |
| *and* | : |  |
|  | : |  |
| THE COCA-COLA COMPANY, | : |  |
| One Coca-Cola Plaza, | : |  |
| Atlanta, Georgia 30313 | : |  |
|  | : |  |
| *and* | : |  |
|  | : |  |
| PEPSICO, INC. | : |  |
| 700 Anderson Hill Road, | : |  |
| Purchase, New York 10577 | : |  |
|  | : |  |
| *and* | : |  |
|  | : |  |
| GENERAL MILLS, INC., | : |  |
| Number One General Mills Boulevard, | : |  |
| Minneapolis, Minnesota 55426 | : |  |
|  | : |  |
| *and* | : |  |
|  | : |  |
| NESTLE USA, INC., | : |  |

812 N. Moore Street,                                          :
Arlington, Virginia, 22209                                   :
                                                             :
and                                                          :
                                                             :
KELLANOVA,                                                   :
412 N. Wells Street,                                         :
Chicago, Illinois 60654                                      :
                                                             :
and                                                          :
                                                             :
WK KELLOGG CO.,                                              :
One Kellogg Square,                                          :
Battle Creek, Michigan 49017                                 :
                                                             :
and                                                          :
                                                             :
MARS INCORPORATED, INC.,                                     :
6885 Elm Street,                                             :
McLean, Virginia 22101                                       :
                                                             :
and                                                          :
                                                             :
CONAGRA BRANDS, INC.,                                        :
222 W. Merchandise Plaza, Suite 1300,                        :
Chicago, Illinois 60654                                      :
                              *Defendants*.                  :
-------------------------------------------------------------------------x

Defendant The Kraft Heinz Company (incorrectly named as "Kraft Heinz Company, Inc.")

("Kraft Heinz") hereby removes this case from the Court of Common Pleas of Philadelphia County

in the Commonwealth of Pennsylvania to the United States District Court for the Eastern District

of Pennsylvania pursuant to 28 U.S.C. §§ 1441 and 1446, respectfully showing as follows:

      1.     On or about December 10, 2024, Plaintiff Bryce Martinez filed a complaint

("Complaint") in the Court of Common Pleas of Philadelphia County in the Commonwealth of

Pennsylvania, Case ID No. 2412101154 against Kraft Heinz, Mondelēz International, Inc.

("Mondelēz"), Post Holdings, Inc. ("Post Holdings"), The Coca-Cola Company ("Coca-Cola"),

PepsiCo, Inc. ("PepsiCo"), General Mills, Inc. ("General Mills"), Nestlé USA, Inc. ("Nestlé"),

Kellanova, WK Kellogg Co. ("Kellogg"), Mars, Incorporated (incorrectly named as "Mars Incorporated, Inc.") ("Mars"), and Conagra Brands, Inc. ("Conagra"). A true and correct copy of the Complaint is attached as Exhibit A to this Notice of Removal.

2.     As explained below, this Court has original subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, and the action may be removed to this Court under 28 U.S.C. § 1441 because (i) there is complete diversity of citizenship between Plaintiff and each of the defendants; and (ii) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

**DIVERSITY OF CITIZENSHIP**

3.     There is complete diversity in this action because no defendant is a citizen of the same state as Plaintiff, namely, the Commonwealth of Pennsylvania.

4.     Based on the allegations of the Complaint, Plaintiff is, and at the time the Complaint was filed was, a citizen of Pennsylvania. *See* Compl. ¶ 31.

5.     Defendant Mondelēz is, and at the time the Complaint was filed was, a corporation incorporated in Virginia, with its principal place of business in Illinois. Thus, Mondelēz is deemed to be a citizen of Virginia and Illinois for purposes of federal diversity jurisdiction.

6.     Defendant Post Holdings is, and at the time the Complaint was filed was, a corporation incorporated in Missouri, with its principal place of business in Missouri. Thus, Post Holdings is deemed to be a citizen of Missouri for purposes of federal diversity jurisdiction.

7.     Defendant Coca-Cola is, and at the time the Complaint was filed was, a corporation incorporated in Delaware, with its principal place of business in Georgia. Thus, Coca-Cola is deemed to be a citizen of Delaware and Georgia for purposes of federal diversity jurisdiction.

8.      Defendant PepsiCo is, and at the time the Complaint was filed was, a corporation incorporated in North Carolina, with its principal place of business in New York. Thus, PepsiCo is deemed to be a citizen of North Carolina and New York for purposes of federal diversity jurisdiction.

9.      Defendant General Mills is, and at the time the Complaint was filed was, a corporation incorporated in Delaware, with its principal place of business in Minnesota. Thus, General Mills is deemed to be a citizen of Delaware and Minnesota for purposes of federal diversity jurisdiction.

10.     Defendant Nestlé is, and at the time the Complaint was filed was, a corporation incorporated in Delaware, with its principal place of business in Virginia. Thus, Nestlé is deemed to be a citizen of Delaware and Virginia for purposes of federal diversity jurisdiction.

11.     Defendant Kellanova is, and at the time the Complaint was filed was, a corporation incorporated in Delaware, with its principal place of business in Illinois. Thus, Kellanova is deemed to be a citizen of Delaware and Illinois for purposes of federal diversity jurisdiction.

12.     Defendant Kellogg is, and at the time the Complaint was filed was, a corporation incorporated in Delaware, with its principal place of business in Michigan. Thus, Kellogg is deemed to be a citizen of Delaware and Michigan for purposes of federal diversity jurisdiction.

13.     Defendant Mars is, and at the time the Complaint was filed was, a corporation incorporated in Delaware, with its principal place of business in Virginia. Thus, Mars is deemed to be a citizen of Delaware and Virginia for purposes of federal diversity jurisdiction.

14.     Defendant Conagra is, and at the time the Complaint was filed was, a corporation incorporated in Delaware, with its principal place of business in Illinois.  Thus, Conagra is deemed to be a citizen of Delaware and Illinois for purposes of federal diversity jurisdiction.

15.     Kraft Heinz is, and at the time the Complaint was filed was, a corporation incorporated in Delaware, with, as more fully set forth below, its principal place of business in Illinois.  Thus, Kraft Heinz is deemed to be a citizen of Delaware and Illinois for purposes of federal diversity jurisdiction.

16.     Plaintiff's complaint names "Kraft Heinz Company, Inc.," a non-existent company.  Declaration of Anna Oliveira, dated January 21, 2025 ("Oliveira Decl.") ¶ 16.  For this independent reason, the inclusion of "Kraft Heinz Company, Inc." does not defeat federal diversity jurisdiction.

**The Principal Place of Business of Kraft Heinz**

17.     Under United States Supreme Court precedent, a corporation has its principal place of business in the State in which "a corporation's officers direct, control, and coordinate the corporation's activities."  *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010); *see also Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 347 (3d Cir. 2013) (applying *Hertz* by establishing that the principal place of business is "the corporation's 'brain' – its actual center of direction, control, and coordination" (internal quotation omitted)).  The nerve center of Kraft Heinz is, and at the time the Complaint was filed on December 10, 2024 was, in the State of Illinois, the place where Kraft Heinz's activities are "directed, controlled, and coordinated."[1]

---

[1] For a removed action, the citizenship of a party is determined by looking to its citizenship at both the time of the filing of the complaint and removal. *In re Lipitor Antitrust Litig.*, 855 F.3d 126, 150-51 (3d. Cir. 2017) ("Since this case was removed to federal court, diversity must have

18.    Kraft Heinz is a food and beverage company that was formed in 2015 through the merger of Kraft Foods Group, located in Northfield, Illinois (suburban Chicago), and H.J. Heinz, located in Pittsburgh, Pennsylvania.  Kraft Heinz relocated its Northfield campus to Chicago in late 2015.  Oliveira Decl. ¶¶ 4-5.

19.    Kraft Heinz's Chief Executive Officer, Global Chief Financial Officer, Global General Counsel and Corporate Affairs Officer, Global Chief People Officer, Global Controller and Principal Accounting Officer, President of the North America Zone, U.S. Business Unit Presidents, the Chief Procurement Officer for North America, and the Chief Marketing Officer for North America, and approximately 1,400 other salaried employees providing support in the areas of accounting, finance, marketing, procurement, logistics, sales, legal, tax, and human resources, are all based at the company's headquarters in Chicago, Illinois.  Kraft Heinz's President of Research & Development for North America and more than 400 other employees in research and development, quality, tax, and other functions are based at Kraft Heinz's offices in suburban Glenview, Illinois.  Kraft Heinz also maintains a smaller office in Pittsburgh, Pennsylvania with employees focusing on activities such as supply chain planning, sales and operations planning, human resources, and IT, in addition to a number of tax and legal personnel.  Oliveira Decl. ¶¶ 7-10.

20.    Under well-established precedent, in determining where such direction, control, and coordination is exercised, a court will look to factors such as the location of employees who "inform or facilitate the decisions" of the company. *Johnson*, 724 F.3d at 356.  Other factors include the location of the company's top officers, especially the Chief Executive Officer, the

---

existed both at the time [the] plaintiffs' state court complaint was filed and at the time of removal.").

location of the members of the board of directors, and the location where the company's financial

records are housed. *See Lewis v. Lycoming*, 2012 WL 2422451, at *6 (E.D. Pa. June 27, 2012);

*Robertson-Armstrong v. Robinson Helicopter Co., Inc.*, 18 F. Supp. 3d 627, 630 (E.D. Pa. 2014)

(finding that the principal place of business was where the company was headquartered because

that was "where all of its directors and most of its top officers are located and its financial records

are housed"). As Kraft Heinz is a holding company, managing investments in other companies,

its "nerve center" is "where its ownership decisions are made." *See Johnson*, 724 F.3d at 353

(quoting *Johnson v. SmithKline Beecham Corp.*, 853 F. Supp. 2d 487, 495 (E.D. Pa. 2012)).

21.    As more fully set forth below, the relevant factors make clear that Kraft

Heinz's principal place of business is, and when the Complaint was filed was, in Illinois, the state

from which its officers direct, control and coordinate its activities.

22.    *Officers*.  As set forth above, Kraft Heinz's Chief Executive Officer, Global

Chief Financial Officer, Global General Counsel and Corporate Affairs Officer, Global Chief

People Officer, Principal Accounting Officer and Global Controller, and President of the North

America Zone, along with its U.S. Business Unit Presidents, Chief Procurement Officer for North

America, President of Research & Development for North America, and Chief Marketing Officer

for North America, all work out of the Company's offices in Illinois. None works out of

Pennsylvania. Oliveira Decl. ¶¶ 8, 11.

23.    *Directors.*  All of the members of Kraft Heinz's board of directors reside in

states other than Pennsylvania (or in other countries). One resides in Illinois. *Id*. ¶ 12.

24.    *Corporate Minutes/Financial Records*.  Kraft Heinz's corporate minutes

and financial records are housed in Illinois. *Id*. ¶ 13.

25.    ***Board Meetings***.  During 2024, Kraft Heinz held a total of five meetings of its board of directors.  The only two in-person meetings in the United States were held in Illinois.  Two were held outside of the United States (in Toronto, Canada and Amsterdam, the Netherlands) and one was held virtually.  None were held in Pennsylvania.  During 2023, Kraft Heinz held a total of six board meetings: three in Illinois; one in Pennsylvania; one in London; and one was virtual. *Id*. ¶¶ 14-15.

26.    Although Kraft Heinz states in its SEC filings that its "principal executive offices" are in Pittsburgh, Pennsylvania, "the mere filing of a document, for example, a filing with the SEC stating the location of a company's principal officers, is [not] sufficient without more to establish a corporation's principal place of business." *Lewis*, 2012 WL 2422451, at *6.

27.    There is complete diversity among the parties because Plaintiff is (and was at the time of the filing of the Complaint) a citizen of Pennsylvania, and none of the defendants are citizens of that state.

## AMOUNT IN CONTROVERSY

28.    The amount-in-controversy requirement for diversity jurisdiction is satisfied in this case because, "by the preponderance of the evidence," it is clear from the face of Plaintiffs' complaint "that the amount in controversy exceeds [$75,000]."  28 U.S.C. § 1446(c)(2)(B); *see also id.* § 1332(a).

29.    According to the Complaint, Plaintiff "was diagnosed with Type 2 Diabetes and Non-Alcoholic Fatty Liver Disease" and "Defendants' conduct caused and/or contributed to the incurable injuries suffered by the Plaintiff."  Compl. ¶¶ 504, 509

30.    The Complaint asserts multiple counts against various defendants, including negligence, failure to warn, breach of implied warranty, breach of express warranty, negligent misrepresentation, fraudulent misrepresentation, fraudulent concealment, violation of

unfair trade practices, unjust enrichment, conspiracy, and concerted action. Plaintiff specifically requests damages "in an amount greater than Fifty Thousand Dollars ($50,000) (exclusive of fees and costs)" for each of his 11 counts. *See* Compl. at unnumbered paragraphs at conclusion of Counts I through XI. This amounts to over $75,000. *See* 28 U.S.C. § 1446(c)(2)(A) (providing that the notice of removal "may assert the amount in controversy if the initial pleading seeks . . . a money judgment, but the State practice . . . permits recovery of damages in excess of the amount demanded).

31.    Moreover, given the nature of Plaintiff's alleged "incurable" injuries, it is clear by a preponderance of the evidence that the requirements for federal diversity jurisdiction are met. Although Kraft Heinz denies Plaintiff's allegations and denies that it is liable to Plaintiff for any alleged injuries, Plaintiff's allegations here of "incurable" injuries and that he was allegedly diagnosed with Type 2 Diabetes and Fatty Liver Disease place more than $75,000 in controversy, exclusive of interest and costs.

32.    Finally, in addition to compensatory and economic damages, not limited to "[s]tatutory damages including treble damages," plaintiff also seeks an award of "punitive and/or exemplary damages." *See, e.g.*, Compl., Wherefore Section, ¶ C. *See Ross v. First Family Fin. Servs., Inc.*, 2002 WL 31059582, at *8 (N.D. Miss. Aug. 29, 2002) ("[U]nspecified claims for punitive damage sufficiently serve to bring the amount in controversy over the requisite jurisdictional threshold set out in 28 U.S.C. § 1332."). Thus, the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1446(c)(2).

## OTHER PROVISIONS

33.      The Complaint was filed on or about December 10, 2024.  On or about December 23, 2024, Plaintiff served Kraft Heinz with a copy of the Summons and Complaint.[2] [Upon information and belief, each of the other defendants has also been served.]

34.      The removal of this action is timely because it is being effectuated no later than 30 days after service of the Complaint on Kraft Heinz, as required by 28 U.S.C. § 1446(b).

35.      The United States District Court for the Eastern District of Pennsylvania is the federal judicial district encompassing the Court of Common Pleas of Philadelphia County, in the Commonwealth of Pennsylvania, where Plaintiff originally filed this suit such that this is the proper federal district for removal of this case to federal court.  28 U.S.C. § 1441(a); 28 U.S.C. § 118(a).

36.      In accordance with 28 U.S.C. § 1446(a), defendants attach hereto a copy of all state-court pleadings.  *See* Ex. A.

37.      Each of the served defendants consent to removal of this action.  Copies of consents from each of those defendants are attached.  See Ex. B.  [Consent from any remaining unserved defendants is not required.  *See* 28 U.S.C. § 1446(b)(2)(A) (requiring consent only from defendants "who have been properly joined and served").]

38.      Pursuant to 28 U.S.C. § 1446(d), Kraft Heinz will file a copy of the original Notice of Removal with the clerk of the Court of Common Pleas of Philadelphia County, in the Commonwealth of Pennsylvania.  Kraft Heinz will serve a copy of this Notice of Removal on counsel for Plaintiff.

---

[2] Plaintiff improperly attempted to serve the Complaint on "Kraft Heinz Company, Inc." via CT Corp., which is not the registered agent of Kraft Heinz.

39.    Kraft Heinz does not hereby waive any jurisdictional or other defenses that might be available to it.

40.    Kraft Heinz reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant Kraft Heinz hereby removes this action from the Court of Common Pleas of Philadelphia County, in the Commonwealth of Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1441 and 1446, and states that no further proceedings may be had in the state action.

Dated:  January 22, 2025                    Respectfully submitted,

                                            **BARNES & THORNBURG LLP**

                                            s/Chanda A. Miller
                                            Chanda A. Miller (Pa. Id. No. 206491)
                                            Cathryn N. Ryan (Pa. Id. No. 327466)
                                            Three Logan Square
                                            1717 Arch Street, Suite 4900
                                            Philadelphia, PA 19103
                                            Tel:  (445) 201-8900
                                            Fax:  (445) 201-8901
                                            Email:  chanda.miller@btlaw.com
                                                      cathryn.ryan@btlaw.com

                                            Michelle A. Ramirez (*pro hac vice forthcoming*)
                                            SIDLEY AUSTIN LLP
                                            One South Dearborn
                                            Chicago, Illinois 60603
                                            Tel:  (312) 853-7000
                                            Fax:  (312) 853-7036
                                            Email:  michelle.ramirez@sidley.com

                                            Heidi Levine (*pro hac vice forthcoming*)
                                            Alan E. Rothman (*pro hac vice forthcoming*)
                                            SIDLEY AUSTIN LLP
                                            787 Seventh Avenue
                                            New York, New York 10019
                                            Tel:  (212) 839-5300
                                            Fax:  (212) 839-5599
                                            Email:  hlevine@sidley.com
                                                      arothman@sidley.com

                                            *Counsel for Defendant The Kraft Heinz*
                                            *Company, incorrectly named as Kraft Heinz*
                                            *Company, Inc.*

12

## CERTIFICATE OF SERVICE

I certify that on January 22, 2025, I filed the foregoing document via the Court's ECF system, which sent a Notice of Filing Activity to all counsel of record.  The document is available for viewing and downloading from the Court's ECF system.  I also served the document on the following counsel by electronic mail and First Class Mail, postage prepaid:

K. Clancy Boylan
MORGAN & MORGAN
2005 Market Street, Suite 350
Philadelphia, PA 19103
Email:  cboylan@forthepeople.com
*Counsel for Plaintiff*

Joshua M. Autry
MORGAN & MORGAN
199 Water Street, Suite 1500
New York, NY  10038
Email:  jautry@forthepeople.com
*Counsel for Plaintiff*

Dave Buchanan
Frazar Thomas
SEEGER WEISS LLP
325 Chestnut Street, Suite 917
Philadelphia, PA 19106
Email:  dbuchannan@seegerweiss.com
           fthomas@seegerweiss.com
*Counsel for Plaintiff*

Rene F. Rocha
MORGAN & MORGAN
400 Poydras Street, Suite 1515
New Orleans, LA 70130
Email:  rrocha@forthepeople.com
*Counsel for Plaintiff*

T. Michael Morgan
Jennifer Winn
MORGAN & MORGAN
20 N Orange Ave., Suite 1600
Orlando, FL 32801
Email:  mmorgan@forthepeople.com
          jwinn@forthepeople.com
*Counsel for Plaintiff*

Christopher A. Seeger
Parvin K. Aminolroaya
SEEGER WEISS
55 Challenger Road
Ridgefield Park, NJ 07660
Email:  cseeger@seegerweiss.com
          paminolroaya@seegerweiss.com
*Counsel for Plaintiff*

Frank Petosa
MORGAN & MORGAN
8151 Peters Road, Suite 4000
Plantation, FL 33324
Email:  fpetosa@forthepeople.com
*Counsel for Plaintiff*

Allison M. Brown
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Email:  allison.brown@skadden.com
*Counsel for Mondelez International, Inc.*

David F. Abernethy
FAEGRE DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103
Email:  david.abernethy@faegredrinker.com
*Counsel for Post Holdings, Inc.*

2

Angela M. Spivey (*pro hac vice forthcoming*)
Andrew G. Phillips (*pro hac vice forthcoming*)
Jamie S. George (*pro hac vice forthcoming*)
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309-3424
Email: angela.spivey@alston.com
     andrew.phillips@alston.com
     jamie.george@alston.com

Mark A. Aronchick
HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER
One Logan Sq.
27th Fl.
Philadelphia, PA 19103
Email: maronchick@hangley.com
*Counsel for The Coca-Cola Company*

Hope S. Freiwald
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19104
Email: hope.freiwald@dechert.com
*Counsel for PepsiCo, Inc.*

Tiffany M. Alexander (Pa. Id. No. 88681)
NELSON MULLINS RILEY & SCARBOROUGH LLP
1000 Westlakes Drive, Suite 275
Berwyn, PA 19312
Email: Tiffany.alexander@nelsonmullins.com
*Counsel for General Mills, Inc.*

Jasmeet K. Ahuja
Hogan Lovells US LLP
1735 Market Street, 23rd Floor
Philadelphia, PA 19103
Email: jasmeet.ahuja@hoganlovells.com
*Counsel for Nestlé USA, Inc.*

Michael Holecek
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Email: mholecek@gibsondunn.com
*Counsel for Kellanova*

3

John S. Stapleton (Pa. Id. No. 200872)
STAPLETON SEGAL COCHRAN LLC
1760 Market Street, Suite 403
Philadelphia, PA 19103
Email:  jstapleton@stapletonsegal.com
*Counsel for WK Kellogg Co.*

Paul E. Boehm
Dane Butswinkas
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, S.W.
Washington, DC 20024
Tel:  (202) 434-5000
Email:  pboehm@wc.com
        dbutswinkas@ wc.com
*Counsel for Mars Incorporated, Inc.:*

Stephen J. McConnell
REED SMITH LLP
Three Logan Square, 1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Email: smcconnell@reedsmith.com

Melissa A. Geist
REED SMITH LLP
506 Carnegie Center, Suite 300
Princeton, NJ 08540
Email: mgeist@reedsmith.com
*Counsel for Conagra Brands, Inc.*

                                s/Chanda A. Miller
                                Chanda A. Miller

4